**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-CV-02718-KMT
_____

ESTATE OF JENNIFER LOBATO, by and through its personal representative Paul Montoya;
PAUL MONTOYA, individually;
ANGELICA DELGADO;
A.Z., a minor, by and through his father, Paul Montoya;
J.M., a minor, by and through her father, Paul Montoya;
V.M., a minor, by and through her father, Paul Montoya;
L.F., a minor, by and through his father, Luciano Frasquez; and
A.F., a minor, by and through his father, Luciano Frasquez,

       Plaintiffs,

   vs.

CORRECT CARE SOLUTIONS, LLC;
CORRECTIONAL HEALTHCARE COMPANIES, INC.;
CORRECTIONAL HEALTHCARE PHYSICIANS, P.C.;
THE BOARD OF COUNTY COMMISSIONERS FOR JEFFERSON COUNTY COLORAD; a
government entity:
JEFF SHRADER, in his individual and official capacity as Jefferson county sheriff only;
DEPUTY SHERRY GRAY, in her individual capacity;
DEPUTY ASHLEY ROBBINS, in her individual capacity;
DEPUTY JOHN GARCIA, in his individual capacity;
DEPUTY ASHLEY CURTIS, in her individual capacity;
DEPUTY CARRIE SPAICH ("HATHC"), in her individual capacity;
DEPUTY LARRY WHEELER, in his individual capacity;
DEPUTY DANIEL LONGSHORE, in her individual capacity;
DEPUTY RACHEL OBERMEYER, in her individual capacity;
BRYAN F MUSCUTT, in his individual capacity;
JESSICA ROMERO, in her individual capacity;
CAROLINE RYAN, in her individual capacity;
BRIANNA WHINNERY, in her individual capacity;
ESME ZIEGELMAN, in her individual capacity;

       Defendants.
_____

STIPULATED PROTECTIVE ORDER
_____

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests or security interests of:  (a) Plaintiffs Estate of Jennifer Lobato, Paul Montoya, Angelica Delgado, A.Z., J.M., V.M. or L.F.; or (b) Defendants the Board of County Commissioners of the County for Jefferson County, Colorado, Deputy Sherry Gray, Deputy Ashley Robbins, Deputy John Garcia, Deputy Ashley Curtis, Deputy Carrie Spaich ("Hatch"), Deputy Larry Wheeler, Deputy Daniel Longshore, Deputy Rachel Obermeyer, Bryan F Muscutt, Jessica Romero, Caroline Ryan, Brianna Whinnery, Esme Ziegelman, including confidential, security-sensitive, proprietary, trade secret, financial, or personal information.  Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information "is confidential or otherwise entitled to protection."  *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

     a.      the parties' attorneys;

     b.      persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

     c.      the parties, including designated representatives for the Plaintiffs and Defendants;

     d.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

     e.      the Court and its employees ("Court Personnel");

     f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

     g.      deponents, witnesses, or potential witnesses; and

     h.      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than those listed in section a, b, c, d, e, f, and g), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written

acknowledgment stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions.  A copy of the written acknowledgment is attached hereto.  All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

Whenever it is necessary to attach or otherwise include CONFIDENTIAL information to motions or other documents filed with the court, it shall be filed as restricted Level 1 in accordance with the requirements of D.C.COLO.LCiv.R7.2.  The party designating the document as confidential shall have the burden of moving the court to maintain restriction of the document.

8.      If a document marked as CONFIDENTIAL contains personal information that is not material to the claims and defenses at issue in the case, the filing party shall redact the information rather than restrict public access.

9. Whenever a party inadvertently fails to designate any information as CONFIDENTIAL, that party may correct such failure by giving written notice to the other party(ies). Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other party(ies) as soon as they become available. Within ten (10) days of receipt of the substitute copies, the party(ies) receiving the CONFIDENTIAL information shall return the previously unmarked information or destroy it.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party that designated the disputed information. The parties agree to endeavor to make their objections within a reasonable time after the designation, but nothing herein shall be construed as limiting the ability of a party to object to the designation at any time. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file within 15 business days an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the

party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.   Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.     The parties agree and stipulate that every person who obtains CONFIDENTIAL information is prohibited from using or disclosing said information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

13.     Nothing in this Stipulated Protective Order shall require the disclosure of information that is otherwise not subject to discovery, is privileged, or constitutes attorney work product.  Nothing in this Stipulated Protective Order shall prejudice any objections that a party might have regarding the production of information. Nothing in this Stipulated Protective Order shall be construed as an agreement that any CONFIDENTIAL information shall be excluded from evidence.

14.     Neither a party's designation of information as CONFIDENTIAL under this Stipulated Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense.

15.     The restrictions on use of CONFIDENTIAL information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

16.     This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated:  February  11, 2016.

By the Court:

_____
Kathleen M. Tafoya
United States Magistrate Judge